# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALBERTHA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV418-229 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendant's Motion to Dismiss, doc. 11, to which plaintiff has filed a response, doc. 12. For the following reasons, defendant's motion should be **GRANTED** and plaintiff's case should be **DISMISSED**.

This is a medical malpractice case brought against entities covered by the Federal Tort Claims Act. Doc. 1; doc. 10. In short, plaintiff claims that Dr. Laquita Holt at the Curtis V. Cooper Primary Health Center, Inc. pulled the wrong tooth. Doc. 1-1. Because this is an FTCA claim, the proper party is the United States. Doc. 10. Unlike a typical medical malpractice claim, the FTCA creates a limited waiver of sovereign immunity for the United States. *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Thus, plaintiffs seeking to

proceed must exhaust an administrative procedure before coming to Court. 28 U.S.C. § 2675(a) (a claimant cannot bring an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency."). To comply with this requirement, a claimant must "(1) give [ ] the [appropriate] agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place[ ] a value on his or her claim." *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quotations omitted). If these two requirements are not met, this Court lacks jurisdiction to hear plaintiff's claim. *See Dixon v. United States*, 96 F. Supp. 3d 1364 (S.D. Ga. 2015) ("Failure to timely file an administrative claim with the appropriate agency results in dismissal of the plaintiff's claim because this filing is a jurisdictional prerequisite.").

Defendant states, doc. 10, and plaintiff does not dispute, doc. 11, that plaintiff failed to present this claim to the appropriate federal agency. To support this position, defendant has provided evidence that there is "no record of an administrative tort claim filed by Albertha Green or an authorized representative relating to Curtis V. Cooper Primary Health Center, Inc., and/or Laquita Holt, D.D.S." Doc. 4-2

(Declaration of Office of the General Counsel senior attorney Meredith Torres) at 3.[1]  Plaintiff, for her part, has offered nothing to contradict defendant's showing.  *See* doc. 11 (reiterating the allegations of the Complaint).  Thus, it plainly appears from the filings and the record that plaintiff has failed to exhaust her administrative remedies.  In the absence of proper exhaustion, the Court lacks subject matter jurisdiction over this case.  Accordingly, plaintiff's complaint should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district

---

[1] Because this is a factual attack on the complaint challenging "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, . . . matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 979 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 20th day of March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA